# In the United States Court of Federal Claims

No. 14-261C

(Filed: June 2, 2014)

```
*****************************************
                                         *
LABORATORY CORPORATION OF                *
AMERICA HOLDINGS,                        *
              Plaintiff,                 *
                                         *
  v.                                     *   Bid Protest; Supplementing the
                                         *   Administrative Record; Court's
THE UNITED STATES,                       *   Consideration of Expert Witness's
                                         *   Declaration; Federal Rule of
              Defendant,                 *   Evidence 702.
                                         *
                                         *
and                                      *
                                         *
QUEST DIAGNOSTICS INC.,                  *
                                         *
              Defendant-Intervenor.      *
                                         *
*****************************************
```

*David E. Frulla*, with whom were *Holly A. Roth*, *Elizabeth C. Johnson*, and *Howard H. Yuan*, Kelley Drye & Warren LLP, Washington, D.C. for Plaintiff.

*Corinne A. Niosi*, Trial Attorney, with whom were *Stuart F. Delery*, Assistant Attorney General, *Robert E. Kirschman*, *Jr.*, Director, and *Deborah A. Bynum*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C. for Defendant.

*Merle M. DeLancey*, with whom were *Justin A. Chiarodo*, and *Adele H. Lack*, Dickstein Shapiro LLP, Washington, D.C. for Intervenor.

OPINION AND ORDER

WHEELER, Judge.

Background

On April 4, 2014, Plaintiff Laboratory Corporation of America Holdings ("LabCorp") filed a post-award bid protest challenging the award of a contract by the Department of Veterans Affairs ("VA") to provide laboratory testing and analysis services at five VA Medical Centers in upstate New York. The VA requested offerors to submit prices for 1,575 different laboratory tests based upon the VA's "FY 2014 estimated utilization" level for each test. The VA included six evaluation factors and sub-factors in the solicitation, with price being the lowest factor in priority. The VA intended to award a Blanket Purchase Agreement ("BPA") against the successful offeror's current Federal Supply Schedule ("FSS") Contract. After evaluating the proposals on a best value basis, the VA selected Quest Diagnostics, Inc. ("Quest") for contract award. LabCorp is the incumbent contractor performing the tests at the five VA Medical Centers.

LabCorp challenges the VA's evaluation of proposals on a number of grounds, one of which is that the VA did not evaluate prices on a rational basis. LabCorp also alleges that the VA used an unstated evaluation criterion relating to how many of the 1,575 laboratory tests were included on each offeror's FSS contract. The evaluation method used by the VA allegedly resulted in an "apples and oranges" comparison where the agency evaluated the total price of a different number of tests for each offeror.

On April 11, 2014, the Government submitted the administrative record, consisting of two volumes containing 35 tabs and 2,365 pages. The administrative record included the detailed pricing schedules submitted by the offerors for each of the 1,575 tests. On April 28, 2014, LabCorp filed its motion for judgment on the administrative record, and attached the declarations of Mr. Ariel H. Collis and Ms. Sharon Williams Leahy. LabCorp offered Mr. Collis as an expert economist from Georgetown Economic Services, LLC to show the flaws in the VA's price evaluation, and to explain other approaches to the price evaluation that arguably would have been more rational. Mr. Collis' declaration contained extensive mathematical analysis of LabCorp's and Quest's price proposals. LabCorp offered Ms. Leahy as a fact witness to show that the VA historically had ordered far fewer tests in 2013 than the 1,575 included in the solicitation. The question presented is whether the Court should consider the Collis and Leahy declarations in reviewing the agency's decision under the circumstances of this case.[1]

---

[1] On May 29, 2014, the Court issued a ruling on a similar question in FirstLine Transportation Security Inc. v. United States. No. 14-301 (Fed. Cl. May 29, 2014). Much of the reasoning in this opinion draws from the Court's ruling in FirstLine.

On May 12, 2014, the Government filed a motion pursuant to Rule 12(f) of the Rules of the Court of Federal Claims ("RCFC") requesting that the Court strike the Collis and Leahy declarations from the record. The Government argued, inter alia, that the declarations presented facts and opinions that the VA did not consider in evaluating proposals.

In opposition, LabCorp argues that the Collis declaration provides a quantitative analysis of LabCorp's and Quest's pricing information based exclusively on data already in the administrative record. Further, the Collis declaration purportedly corrects significant miscalculations in Quest's proposal that the VA failed to recognize. LabCorp contends that the Leahy declaration supplies historical data that the VA should have utilized in identifying the number of tests to include in the solicitation.

Analysis

A.  Standard for Decision

In bid protest cases, the focus of the judicial review should be "the administrative record already in existence, not some new record made initially in the reviewing court." Seaborn Health Care, Inc. v. United States, 101 Fed. Cl. 42, 50 (2011) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)). Supplementation of the administrative record should be limited to cases in which the omission of extra-record evidence would preclude effective judicial review. Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1380 (Fed. Cir. 2009).

Under 28 U.S.C. § 1491(b)(4), the standards in the Administrative Procedure Act govern the judicial review of a protest challenging an agency's procurement action. These standards permit the Court to set aside an agency's action or decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2).

The Court examines the administrative record of the procurement to determine whether the record supports the agency's decision. Holloway & Co., PLLC v. United States, 87 Fed. Cl. 381, 389 (2009). By limiting review to the record that was before the agency, the Court can guard against the risk of converting the arbitrary and capricious standard into a de novo review. For this reason, the parties' ability to supplement the administrative record is limited in bid protests. PlanetSpace, Inc. v. United States, 90 Fed. Cl. 1, 5 (2009).

The Federal Circuit's holding in Axiom makes clear that supplementation of the administrative record should occur sparingly, but it does not totally prohibit supplementation. Bannum, Inc. v. United States, 89 Fed. Cl. 184, 188 (2009). Several

3

post-<u>Axiom</u> decisions have allowed supplementation of the record when necessary for the Court to have a complete understanding of the issues before it.  See, e.g., <u>Excel Mfg., Ltd. V. United States</u>, 111 Fed. Cl. 800, 808 (2013) (supplementing the record with documents regarding costs deemed necessary for effective review of parties' arguments); <u>Fulcra Worldwide, LLC v. United States</u>, 97 Fed. Cl. 523, 535 (2011) (allowing supplementation of the record for Plaintiff's "bait and switch" allegations where administrative record contained limited information on the allegations); <u>Global Computer Enter., Inc. v. United States</u>, 88 Fed. Cl. 52, 63 (2009) (supplementing record with declarations from disappointed bidder's employees because material was significant to understanding the issues in the bid protest); <u>Bannum</u>, 89 Fed. Cl. at 189 (concluding that protester's additional documents were needed for a complete understanding of the issues, otherwise Court would be analyzing claims in a vacuum).

### B.  The Collis Declaration is Needed to Permit Meaningful Review of the Record.

The Court must balance its responsibility to ensure that a bid protest proceeding is not converted into a de novo review against its obligation to ensure that the position of both parties is fully understood.  <u>Acad. Facilities Mgmt. v. United States</u>, 87 Fed. Cl. 441, 455 (2009).  In making the threshold determination of whether supplementation is necessary, the Court evaluates the entire administrative record and decides whether the existing information is sufficient to resolve the case effectively.  <u>Kerr Contractors, Inc. v. United States</u>, 89 Fed. Cl. 312, 335 (2009), *aff'd*, 374 F. App'x 979 (Fed. Cir. 2010).  Here, after evaluating the information in the administrative record, the Court finds that Mr. Collis' detailed examination of the prices and tests in the offerors' proposals is necessary for effective judicial review.  LabCorp's contentions are based in part on the quantitative analysis produced, and LabCorp's counsel maintains that he requires expert testimony to make his argument fully.

The Court perhaps could extrapolate relevant information from the record without the Collis declaration, but Mr. Collis' quantitative analysis aids the Court in understanding the administrative record.  Thus, omitting the declaration would handicap both Plaintiff and the Court.  Surely, the Federal Circuit did not intend such an outcome in <u>Axiom</u>.  Rather, the holding in <u>Axiom</u> is that the Court must "exercise restraint" when supplementing the administrative record to ensure that parties are not supplementing the record "with whatever they want."  <u>Allied Tech. Grp., Inc. v. United States</u>, 92 Fed. Cl. 226, 230 (2010) (quoting <u>Axiom</u>, 564 F.3d at 1380).  After making the threshold determination as <u>Axiom</u> requires, the Court finds that the Collis declaration is necessary to permit meaningful review of the administrative record.

It is well established that the focal point for judicial review should be the administrative record already in existence.  See, e.g., <u>Fla. Power Light v Lorion</u>, 470 U.S.

4

729, 743-44 (1985). The admission of the Collis declaration into the Court's record will not shift the focal point of the judicial review. On the contrary, the Collis declaration will allow the Court to examine in depth the information already in the administrative record. The Collis declaration does not substitute Mr. Collis' judgment for the agency's judgment. Nor does the declaration introduce facts outside the administrative record. Rather, the declaration provides calculations based on data already contained in the administrative record, so that the Court can better understand the record.

### C. The Collis Declaration is Admissible under Federal Rule of Evidence 702.

Supplementation of the administrative record with expert testimony is appropriate when necessary to assist the Court in understanding technical or complex information in a bid protest. NCL Logistics Co. v. United States, 109 Fed. Cl. 596, 613 (2012); see also Guzar Mirbachakot Transp. v. United States, 104 Fed. Cl. 53, 64 (2012) (deeming expert testimony as essential for resolution of the protest and consistent with Federal Rule of Evidence 702 because of the technical nature of compressed and zip files); Hunt Bldg. Co., Ltd. v. United States, 61 Fed. Cl. 243, 272 (2004) (permitting supplementation of record with economist's deposition to assist the Court in understanding the financing of military housing privatization project); Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 158 (1997) (allowing supplementation of record with expert testimony because of technical nature of production rates for shoal dredging).

The question here is whether the Collis declaration should be admissible as expert testimony under Rule 702 of the Federal Rules of Evidence ("FRE"). Under FRE 702, "scientific, technical, or other specialized knowledge" may be admissible as expert testimony if it assists "the trier of fact to understand the evidence or to determine a fact in issue." Texas Digital Sys. v. Telegenix, Inc., 308 F.3d 1193, 1216 (Fed. Cir. 2002). In this case, Mr. Collis' education and professional experience qualify him to perform the price analysis. Further, the Collis declaration goes beyond the mere tallying of prices in each proposal. Mr. Collis uses his specialized knowledge to perform the detailed analysis provided. This expertise will greatly assist the Court in understanding the evidence in the administrative record. Accordingly, the Collis declaration is admissible under FRE 702.

### D. The Leahy Declaration is Not Admissible.

LabCorp has offered the Leahy declaration to show that the VA should not have included 1,575 tests in its solicitation, but should have included only the lesser number of tests that the VA Medical Centers actually ordered in 2013. It is well settled that a protester who has the opportunity to challenge a government solicitation term and fails to do so before the bidding process concludes waives the right to raise that challenge later in this Court. Blue & Gold Fleet, L.P. v. United States, 492 F.3d 1308, 1313 (Fed. Cir. 2007). This rule furthers the statutory mandate to "give due regard to . . . the need for

expeditious resolution of the action." Id. (citing § 1491(b)(3)).  Here, LabCorp's argument is properly characterized as a challenge to a solicitation term not raised prior to the submission deadline.  It is too late for LabCorp to take issue with the number of tests included in the solicitation.  The Court thus declines to consider the Leahy declaration and finds that it should be stricken from the record.

## Conclusion

For the reasons explained above, the Government's motion to strike the Declarations of Ariel H. Collis and Sharon Williams Leahy is GRANTED in part and DENIED in part.  The Collis declaration is admitted, but the Leahy declaration is not admitted.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge